### NEW HAVEN TOWING CO. v. CITY OF NEW HAVEN et al.

### CASTLE v. SAME.

(District Court, D. Connecticut. December 2, 1903.)

#### Nos. 1,345, 1,346.

1. NAVIGABLE WATERS—DEFECTIVE DRAWBRIDGE—LIABILITY OF CITY FOR DELAY IN REPAIRING.

Evidence examined, and *held* not to support the claim of libelants that defendant city was chargeable with negligence in failing to promptly repair the draw of a bridge across a navigable stream which became bound without defendant's fault or negligence so it could not be opened.

In Admiralty. Suits to recover damages for detention of libelants' boats by defective drawbridge.

See (D. C.) 116 Fed. 762.

James D. Dewell, Jr., for libelants.
L. M. Daggett, for respondents.

PLATT, District Judge. The last analysis brings the contention in these causes down to a simple and plain issue of fact, and in doing so the libelants are allowed the benefit of some rather interesting legal points. It is assumed that on the dates in question the respondent operated a drawbridge over a navigable stream in New Haven named "Mill River." On two occasions the bridge became out of repair so that the draw failed to work. There is no evidence tending to show that it became out of repair by reason of the negligence of the respondent. The contention is that, becoming so, it was not put in repair by the respondent with that reasonable and necessary diligence which the law places upon it as a duty, and that thereby it was guilty of negligence, and that the detention of the libelants' boats was directly due to that negligence. On this proposition, of course, the burden of proof is on the libelants. The incident of February 22, 1900, is not seriously pressed, and merits no attention. There the proof of the libelants signally fails. I am also unable to find that they have sustained the burden in the May, 1901, matter. Capt. Dowe is the only witness on the vexed point, and his testimony is somewhat heterogeneous. Lawlor, Sullivan, and Kelly furnish proof which overcomes that of Capt. Dowe, and would save the case to the respondent, even if the burden were on its shoulders. The important facts, very briefly stated, are as follows: Toward evening on May 23, 1901, the bridge would not respond to an effort to open it. The reason was that a screw operating a toggle-joint had become bound so that the end of the bridge could not be lifted and permit the draw to swing clear. Lawlor, foreman of bridge repairs, a capable man, with much experience on drawbridges, was at once notified and promptly responded. Word was also sent by telephone to the city engineer. Lawlor set men at work that evening, and Kelly, the engineer, came while they were at work. The city engineer knew the construction of the bridge, which was only completed about the time of the February, 1900, incident. He understood the reason why the bridge would not work, and saw that Lawlor had put the men at doing the right thing. The only way to open the bridge was to pull the bolts. This could be done most quickly by twisting down the nuts on the threaded tops of the bolts and keeping the nuts in place on the thread, as the bolts were gradually drawn, by placing washers under the nuts. To do this nothing was necessary except skillful supervision and strong manual labor. Both were furnished. The difficulty was so located that only the men employed could render efficient service. By keeping shifts of night and day gangs of workmen employed, the labor was continued during each 24 hours without unreasonable intermissions until the bolts were drawn and the bridge opened. This statement of the situation is evolved from a plain, unvarnished story by Lawlor and Sullivan, and the expert opinion of a civil engineer who knew all about the construction of the bridge. Capt. Dowe's statement was largely based on hearsay, accompanied by a hastily formed opinion of his own that the trouble could have

been obviated by another method in a very few hours. I cannot go with him in either of his contentions.

It follows that the libel in each case must be dismissed, with costs to the respondent. So ordered.